IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **TIMOTHY TRAYLOR**, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL ACTION NO. 21-391-JB-M |
| | ) |
| **PARKER TOWING COMPANY, INC.**, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on Defendant Parker Towing Company Inc.'s ("Parker"), motion for summary judgment (Doc. 19), Plaintiff Timothy Traylor's ("Traylor") opposition thereto (Doc. 23), Defendant's reply (Doc. 24).

A hearing on the motion was held on December 21, 2022. The relevant pleadings establish that Traylor filed the instant action on September 9, 2021, asserting Jones Act negligence and unseaworthiness claims against Parker based on an injury causing fall which occurred on September 14, 2018, during the course of his employment with Parker. (Doc. 1). The parties do not dispute that Plaintiff's claims are subject to a three-year statute of limitations. *See* 46 U.S.C. § 30106 ("Except as otherwise provided by law, a civil action for damages for personal injury or death arising out of a maritime tort must be brought within 3 years after the cause of action arose."); 45 U.S.C. § 56 ("No action shall be maintained under this chapter unless commenced within three years from the day the cause of action accrued.). The post-complaint record unequivocally establishes that Plaintiff's injury causing fall actually occurred on September 5, 2018, more than three years before his cause of action was filed. As a result, there

2

are no disputed facts that would indicate Plaintiff's action is not time-barred.  Accordingly, after a review of the relevant filings and for the reasons previously set forth during the hearing on the motion, the Court finds that Defendant's motion for summary judgment should be granted.

**DONE** and **ORDERED** this 21st day of December, 2022.

/s/ JEFFREY U. BEAVERSTOCK
CHIEF UNITED STATES DISTRICT JUDGE